# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **MANSON FISHER-EL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )     2:12-CV-0113-VEH-JEO |
| | ) |
| **OFFICER MOHAMMAD JENKINS,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

On January 15, 2016, the sole remaining defendant in this action, Mohammad Jenkins, filed his second Motion for Summary Judgment (doc. 70; the "Motion") and supporting brief (doc. 71) (*see also* substitute exhibits at doc. 79). Plaintiff, through counsel, has opposed the Motion. (Doc. 75). Jenkins has replied. (Doc. 71). For the reasons set out herein, the Motion is due to be, and hereby is, **DENIED**.

## I.     PROCEDURAL BACKGROUND.

Plaintiff, Manson Fisher-El, is an inmate in the Alabama penal system. On January 12, 2012, acting *pro se*, he filed this action pursuant to 42 U.S.C. § 1983 alleging that he has been deprived of rights, privileges, or immunities afforded him under the Constitution or laws of the United States of America. In his Complaint (doc. 1), he asserted various claims against various prison personnel. On March 29,

2012, I dismissed all of Plaintiff's claims in this action except the claim of excessive force against Officer Mohammad Jenkins. (Order, doc. 8). That claim was referred back to the Magistrate Judge to whom this case had been assigned.

On April 10, 2012, the Magistrate Judge ordered Jenkins to file a special report responding to that claim. (Order, doc. 11, as modified by Order, doc. 15). Jenkins filed that special report on August 16, 2012. (Special Report, doc. 19). The Magistrate Judge notified Plaintiff that the Special Report would be treated as a motion for summary judgment. On March 13, 2013, Plaintiff responded to the Special Report. (Doc. 31). On May 15, 2013, the Magistrate Judge entered a Report and Recommendation (doc. 32; "R&R"), recommending that Jenkins's motion for summary judgment, as set out in the Special Report, be denied. (*Id*.). On May 28, 2013, Jenkins filed Objections (doc. 33) to the R&R. On Augst 26, 2013, I adopted (as supplemented by me) the R&R, denied summary judgment, and ordered Jenkins to file an answer to the Complaint. (Order, doc. 34). On September 16, 2013, Jenkins filed his Answer. (Doc. 36).

On February 21, 2014, the Magistrate Judge granted Plaintiff's motion that counsel be appointed to represent him and appointed attorney Matthew Swerdlin. (Order, doc. 53). On August 10, 2015, I entered a Scheduling Order setting out certain deadlines and procedures. (Order, doc. 61). The deadline to file any motion

for summary judgment was set at January 15, 2016. (*Id*.). Further, as to potentially dispositive motions, I said:

> All potentially dispositive motions must be filed by January 15, 2016. Any motion for summary judgment filed in this action, and all responses, must comply with all requirements, including response times, of Appendix II to the ALND Uniform Initial Order, found on this Court's website at www.alnd.uscourts.gov/hopkins/hopkinspage.htm. Counsel <u>shall</u> refrain from filing any motion for summary judgment where a reasonable person would recognize that genuine issues of material fact exist.

(Doc. 61 at 5)(emphasis in original).

On January 15, 2015, Jenkins filed the pending Motion for Summary Judgment, which is in fact his second such motion, given that his Special Report was treated as a motion for summary judgment (and denied as such). That motion is now under submission and, for the reasons set out below, is due to be, and hereby is, **DENIED**.

## II.    <u>ADOPTION BY REFERENCE</u>.

I adopt by reference the standards applicable to summary judgment as those standards are set out in my prior Order (doc. 34) denying summary judgment. I further adopt by reference the facts and law as found by the Magistrate Judge in his R&R (doc. 32) as adopted after supplementation by me in my Order (doc. 34) denying summary judgment.[1]

---

[1] In his <u>reply brief</u>, doc. 81, Jenkins lists, <u>for the first time in this briefing</u>, a Statement of Undisputed Facts. In doing so, Jenkins violates the procedures set out in Appendix II to the court's

## III. <u>ANALYSIS</u>.

I have carefully reviewed the pleadings and evidence relating to the pending motion for summary judgment. Apparently recognizing that he is asking me to review the same facts through the same legal lens and reach a different result, Jenkins pretends that he has "new evidence." (Doc. 71 at 5; "[i]n light of the new evidence submitted herein..."). He does not. What he has is <u>newly created evidence</u>. There is no reason that the Affidavits or body charts that Jenkins submitted could not have been submitted at the time of the Special Report.[2] Additionally, viewing the facts in the version most favorable to Plaintiff, as I must at summary judgment, Dr. Roddam's Affidavit goes more to damages than to whether or not a Constitutional injury has occurred. Further, neither a court nor a jury is <u>required</u> to accept the statement of <u>any</u> expert witness.[3] The finder of fact will give all testimony the weight that the finder of fact determines it deserves. Finally, Jenkins may not like the law applicable to excessive force cases where the facts fail to justify <u>any</u> force, but he has to live with

---

Uniform Initial Order, which I directed all parties to comply with in my Scheduling Order (doc. 61). Accordingly, I will <u>not</u> consider Jenkins's Statement of Undisputed Facts as set out in doc. 81.

[2] I agree with Plaintiff (see doc. 81 at 4, fn. 1) that "the characterization of Mr. Culver as an expert stains credulity and does not meet the criteria [applicable to expert opinions]." I further note that Dr. Roddam was Plaintiff's treating physician at the time of the incident that is the basis of this lawsuit.

[3] I question whether Dr. Roddam is qualified, as Plaintiff's treating physician still employed by the prison where Plaintiff is incarcerated, to give all of the opinions he gives about Plaintiff and about Jenkins. But that issue remains for another day.

it unless it is changed by the Supreme Court of the United States or the Eleventh Circuit Court of Appeals.[4]

As summarized in the R&R, Plaintiff claims that "Officer Jenkins entered his cell and 'dived on my back startling me awake,' sprayed him with pepper spray, punched him in the head, handcuffed and pulled him out of his cell." (Doc. 32, at 5). Defendant disputes these factual findings, but that dispute does not make these factual findings *undisputed*. Viewing the facts in the light most favorable to Plaintiff, he was attacked by Jenkins while Plaintiff was asleep, that is, totally without penological justification. If a jury believes Plaintiff's version of the facts, then it can — but is not required to — reasonably find that Jenkins did not act in good faith to restore order and discipline, but rather acted maliciously and sadistically for the very purpose of causing harm and that, accordingly, Plaintiff's Constitutionally-protected rights were violated. Further, regarding Jenkins's attempt to once against conflate injury with force, I reiterate:

> [W]here there is no arguable basis for using any force, the use of force is objectively unreasonable, even if the injury is *de minimis*. *Wilkins v. Gaddy*, 559 U.S. 34, 38, 130 S.Ct. 1175, 1178 - 1179 (2010). (Explicating *Hudson* and reversing district court for granting summary judgment to prison guard on the basis that any injuries suffered by the prisoner were *de minimis*.) "Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is

---

[4] To be clear, I am not stating what the facts actually are; that is for a jury to decide.

gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins*, 130 S.Ct. at 1178 - 1179.

> The Eighth Amendment prohibition of cruel and unusual punishment requires prison conditions to meet a certain constitutional minimum. One such constitutional minimum is that prison officials must not engage in the "unnecessary and wanton" infliction of pain. Among actions that are considered "unnecessary and wanton" are those that are <u>totally without penological justification</u>."

*Reid v. Secretary, FL Dept of Corr.*, 486 Fed.Appx. 848, 851, 11th Cir. 2012)(emphasis supplied).

(Doc. 34 at 8). Once again, I reject Jenkins's attempt to conflate injury and force when the facts viewed most favorably to Plaintiff show actions that are totally without penological justification.

## IV. <u>CONCLUSION</u>.

Having carefully reviewed and all the materials in the court file, including the pleadings and evidence filed regarding Jenkins's Motion for Summary Judgment, I hereby find that such motion is due to be, and hereby is, **DENIED**.

**DATED** this 2nd day of June, 2016.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge